TENNESSEE CONSUMER ADVOCATE, )
)
      Plaintiff/Appellant, )   **TN Regulatory Authority**
)   **Trial No. 95-01134**
)
VS. )
)
TENNESSEE REGULATORY AUTHORITY)   Appeal No.
AND UNITED CITIES GAS COMPANY, )   **01A01-9606-BC-00286**
)
      Defendant/Appellee. )

**FILED**

**March 5, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

## IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

### APPEAL FROM THE DAVIDSON COUNTY
### TENNESSEE PUBLIC SERVICE COMMISSION,
### AT NASHVILLE, TENNESSEE

Charles W. Burson
Attorney General & Reporter

L. Vincent Williams
Consumer Advocate Division
404 James Robertson Parkway
Nashville, TN 37243-0500
ATTORNEY FOR PLAINTIFF/APPELLANT

H. Edward Phillips, III
Tennessee Regulatory Authority
460 James Robertson Parkway
Nashville, TN 37243
ATTORNEY FOR DEFENDANT/APPELLEE

## REVERSED AND REMANDED

                HENRY F. TODD
                PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

BEN H. CANTRELL, JUDGE,
WILLIAM C. KOCH, JR., JUDGE

TENNESSEE CONSUMER ADVOCATE, )
                                                  )
       **Plaintiff/Appellant,** )  **TN Regulatory Authority**
                                                  )  **Trial No. 95-01134**
                                                  )
**VS.** )
                                                  )
**TENNESSEE REGULATORY AUTHORITY**)   **Appeal No.**
**AND UNITED CITIES GAS COMPANY,** )  **01A01-9606-BC-00286**
                                                  )
       **Defendant/Appellee.** )


# O P I N I O N


The petitioner, Tennessee Consumer Advocate, has petitioned this Court for review of administrative decisions of the Tennessee Public Services Commission pursuant to T.R.A.P. Rule 12. By order entered by this Court on October 3, 1996, the review is limited to an order entered by the Commission on May 3, 1996. However, the circumstances stated hereafter require reference to an order previously entered by the Tennessee Public Service Commission on May 12, 1995.


**The Parties.**

Prior to June 30, 1996, the Public Service Commission controlled the charges of public utilities in Tennessee. On June 30, 1996, the Public Service Commission was discontinued by enactment of the Legislature which created the Tennessee Regulatory Commission which has been substituted for the Public Service Commission in proceedings before this Court.


By T.C.A. § 65-4-118, the Consumer Advocate Division of the Office of Attorney General and Reporter may with the approval of the Attorney General and Reporter appear before any administrative body in the interests of Tennessee consumers of public utility services.


United Cities Gas Company is a public utility which purchases and distributes natural gas

through its pipelines to patrons in parts of Tennessee.

## The Administrative Proceedings.

On January 20, 1995, United filed with the Public Utilities Commission (hereafter P.S.C.), an application for approval of a scheme of variable rates based upon the wholesale price of gas purchased from suppliers.

P.S.C. granted leave to the Consumer Advocate to intervene.

On May 12, 1995, the P.S.C. entered an order approving the proposed scheme on condition that an independent consultant be engaged to review the "mechanism" and report to the commission annually.

On October 31, 1995, United Gas submitted to the Commission for approval, a contract with Consulting & Systems Integration, providing that the work was to be performed by a Mr. Frank Creamer. Subsequently, United Gas requested that Anderson Consulting be substituted for Consulting Systems because Mr. Creamer had severed his connection with Consulting Systems and affiliated with Anderson.

The May 3, 1996, order of the Commission, which is the subject of this appeal, approved the contract with Anderson Consulting and thereby satisfied all of the conditions for activation of the rate plan conditionally approved in the May 12, 1995 order.

On appeal, the Consumer Advocate presents ten issues for review. Only those which relate to the May 3, 1996, order will be considered.

The appellant's fourth, fifth, sixth and seventh issues are:

IV.     The commission's action violated statutory provisions, was asked upon unlawful procedure, was arbitrary and capricious, or was clear error when it took judicial notice of a report prepared by a consultant of UCG.

V.      The Consumer Advocate was denied an opportunity to be heard as to the propriety of taking judicial notice of the report.

VI.     The Consumer Advocate division was not notified of the material noticed and afforded an opportunity to contest and rebut the facts or material so noticed.

VII.    A decision of the Tennessee Public Service Commission is void or voidable when agency members receive aid from staff assistants, and such persons received ex parte communications of a type that the administrative judge hearing officer or agency members would be prohibited from receiving, and which furnish, augment, diminish or modify the evidence in the record in violation of Tenn. Code Ann. § 4-5-304(b).

At a hearing before the Commission on February 3, 1996, the following occurred:

Mr. Irion: We have the independent consultant here. Does the Commission on wish to hear from him?

Chairman: I think what we have agreed to is just summarize his testimony.

Mr. Williams: He has not made any testimony, and --

Mr. Irion: He has only filed a report, and he is not technically our witness or --

Mr. Williams: I think he is their witness. They chose him and paid for him. We did not have any choice. The Consumer Advocate was not given any choice in the matter who was going to be the witness.

Chairman: The Commission can take judicial notice of that, that record. That's our record.

Com. Hewlett: This is our consultant.

Mr. Hal Novak: That's correct, sir. The Commission staff chose this consultant.

Chairman: We can take judicial notice of that and it can referred to in your argument here.

Mr. Williams: I would say that the Commission staff approved the consultant after the company selected the consultant.

Mr. Novak: That's not true, sir.

Chairman: Well, now wait a minute now, fellows. We can take judicial notice, and will take judicial notice of all our records and reports like that to the Commission and you can refer to that in your argument.

Mr. Williams: What I would also like to do, Commissioner, maybe we need to have a longer period of time. I would like to know what the staff's position -- it was indicated that the staff had a position that the rule operated effectively, that the Commissioners had obviously heard and were considering. I would like disclosure under the statute of the staff's position on why they think that it operates correctly.

Com. Hewlett: Well, that would be in my way of thinking not impossible to get into the record, but very difficult it is most appropriate, as I understand the law, for us to discuss with our technical staff. That's the reason that the Consumer Advocate Division was created because of the ex parte concerns of when our staff were parties to the case and when they are not. Our staff, as I understand it, it not a party to this case, and they are a resource for us for analyzing anything that is before this Commission. In this case this situation. So, I think you are trying to make a party to the case somebody that is not.

Mr. Williams: No, sir, what we are trying to do is get all the salient information on the record. The statute explicitly, the UAPA explicitly requires that the Commission disclose when it has any of the position papers that are presented by the staff, and the Public Records Act does not prevent the disclosure of those items either.

Chairman: We will rule on that at the beginning of the meeting at 1:30.

Mr. Williams: Okay.

Chairman: Well, we will evaluate that with our legal counsel, and rule on it before issuing an order or in the order in this manner.

The record of proceedings clearly indicates that the Commission considered a report of an expert despite the objections of the Consumer Advocate and his efforts to impeach the report by cross-examination of the expert. T.C.A. § 65-2-109(1) and (2), authorize the consideration of a broad spectrum of evidence. However, no authority is cited to empower the Commission to deny a protesting party access to all evidence considered by the Commission and opportunity to

impeach it by cross-examination of the origin of such evidence.

The issue of consideration of documents and/or communications is not an issue of "judicial notice" or "administrative notice," but an issue of admissibility of evidence and procedural fairness in respect to notice of the matter to be considered and opportunity to cross-examine, or impeach the source or contradict the evidence to be considered.

It is elementary that administrative agencies are permitted to consider evidence which, in a court of law, would be excluded under the liberal practice of administrative agencies. Almost any matter relevant to the pending issue may be considered, provided interested parties are given adequate notice of the matter to be considered and full opportunity to interrogate, cross-examine and impeach the source of information and to contradict the information.

No error is found in the consideration of informal forms of communication. However, error is found in the failure to give timely notice of the communication with opportunity to question, cross-examine and impeach the source and contradict the information.

As illustrated by the above quotation from the record, the Commission was unfamiliar with basic rules of fairness in an administrative hearing.

> Tenn. Code Ann. § 4-5-312(b)
> **Procedure of hearing**. To the extent necessary for full disclosure of all relevant facts and issues, the administrative judge or hearing officer shall afford to all parties the opportunity to respond, present evidence and argument, **conduct cross-examination**, and **submit rebuttal evidence**, as restricted by a limited grant of intervention or by the pre-hearing order. (Emphasis added.)

> Tenn. Code Ann. § 4-5-313(6)
> Parties must be notified before or during the hearing, or before the issuance of any initial or final order that is based in whole or in part on facts or material noticed, of the specific facts or material noticed and the source thereof,

including any staff memoranda and data, and be afforded an opportunity to contest and rebut the facts or material so noticed.

Tenn. Code Ann. § 4-5-304(a)(b)
Ex parte communications.
(a) Unless required for the disposition of ex parte matters specifically authorized by statute, an administrative judge, hearing officer or agency member serving in a contested case proceeding may not communicate, directly or indirectly, regarding any issue in the proceeding, while the proceeding is pending, **with any person without notice and opportunity for all parties to participate in the communication.**
(b) Notwithstanding subsection (a), an administrative judge, hearing officer or agency member may communicate with agency members regarding a matter pending before the agency or may receive aid from staff assistants, members of the staff of the attorney general and reporter, or a licensed attorney, **if such persons do not receive ex parte communications** of a type that the administrative judge, hearing officer or agency members would be prohibited from receiving, **and do not furnish, augment, diminish or modify the evidence in the record**. (Emphasis added.)

This Court concludes that the Commission commited a violation of basic principles of fairness in failing to afford the Consumer Advocate reasonable access to the materials to be considered and reasonable opportunity to cross-examinate or otherwise impeach the origin of such materials..

For the foregoing reasons, the order entered by the Public Service Commission on May 3, 1996, is reversed, vacated, and the cause is remanded to the Tennessee Regulatory Authority for such further proceedings and actions as it may deem appropriate including a reconsideration of the subject of the May 3, 1996, order of the Public Service Commission.

Should the Regulatory Authority reach a conclusion different from that expressed in the May 3, 1996, order of the Commission, the way may be opened for a further consideration of the subject matter of the May 26, 1995, order, in which event the authority will be free to examine the merits of the order and the proposal dealt with therein.

Of particular interest and concern are the propriety of omitting certain income from considering "fair return," of "rewarding" utility for keeping its expenses at the minimum, and of utilizing the services of an expert employed by the utility. These issues have not been discussed in this opinion because of the limitation of the scope of the appeal granted by this Court.

Costs of this appeal are assessed against the Tennessee Regulatory Authority.

**REVERSED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE